**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN E. MILLER, SR., | ) | CASE NO. 4:21 CV 2292 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| C.O. ECHENROD, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Brian E. Miller, Sr. filed this action against his defense attorney Carlos Cicone and Trumbull County Jail Corrections Officer Echenrod. In the Complaint, Plaintiff alleges Officer Echenrod reported to Cicone that Plaintiff was unhappy with the plea deal he just accepted and Cicone attempted to withdraw Plaintiff from the agreement without consulting with him first. He claims the Defendants violated his right to privacy and Cicone violated his attorney-client privilege and provided negligent representation. He seeks monetary damages for emotional distress.

**I.      Background**

Plaintiff indicates he came back from court to the Trumbull County Jail on September 8, 2021. He was upset about the sentence he received that morning and began cursing. He alleges that Officer Echenrod intervened and asked Plaintiff what was bothering him. Plaintiff confided to Echenrod that he had been sentenced to the Northeast Ohio Community Alternative Program

("NEOCAP") facility. Plaintiff stated to him that he believed prison would have been better than NEOCAP. He contends he did not share this feeling with anyone else.

Plaintiff was called back to court a week later on September 15, 2021. He was perplexed as he had been sentenced the prior week. His attorney approached him in court and indicated that he had requested that the case be reopened because he had heard that Plaintiff would rather go to prison than serve his sentence at NEOCAP. Plaintiff asked the attorney where he had heard this information but the attorney did not answer. Instead, Plaintiff's attorney approached the prosecutor and the judge and the three of them had a private conversation at the bench. The attorney refused to divulge the content of the conversation at the bench but commented to the Plaintiff that if he went to prison at least he would not have to serve probation afterward. Plaintiff confronted Cicone in open court and the attorney admitted that Plaintiff did not ask to be brought back into court. During this confrontation, the judge noted to the court reporter that she might want to hold onto the original plea agreement. Finally, Cicone went on the record to state that the Plaintiff had decided to stay with the NEOCAP agreement. Plaintiff was escorted back to jail. He claims he attempted several times to contact the attorney but Cicone refused to accept or return his calls. Plaintiff contends Cicone did not act in his best interest and violated his attorney client privilege. He claims both Cicone and Echenrod violated his right to privacy by sharing information he communicated to Echenrod. He seeks monetary damages.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff first asserts that the Defendants violated his right to privacy. An individual has a privacy interest in avoiding disclosure of personal matters. *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977); *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 465 (1977). The right to information privacy, however, extends only to interests that implicate a fundamental liberty interest. *Bloch v.*

*Ribar*, 256 F.3d 673, 684 (6th Cir. 1998). Only after a fundamental right is identified should a court proceed to the next step of the analysis—the balancing of the government's interest in disseminating the information against the individual's interest in keeping the information private. *See Kallstrom v, City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998). The Sixth Circuit has recognized a fundamental liberty interest in personal information in only two instances: (1) where the release of personal information could lead to bodily harm, *see Kallstrom*, 136 F.3d at 1061 (City's disclosure of personal information from undercover police officers' personnel files to counsel for alleged drug conspirators whom they had investigated violated their right to privacy guaranteed by Due Process Clause of Fourteenth Amendment); and (2) where the information released was of a sexual, personal, and humiliating nature, *see Bloch*, 156 F.3d at 684 ("a rape victim has a fundamental liberty interest in "preventing government officials from gratuitously and unnecessarily releasing the intimate details of the rape where no penalogical purpose is being served.").

      In this case, Plaintiff appears to base his claim on the release of information from a jail corrections officer to the Plaintiff's defense attorney. Plaintiff willingly shared his frustration with his sentence with the corrections officer. Plaintiff alleges the corrections officer conveyed that information to his attorney who then shared that information with the court. This information is not the type of information that would place him in personal danger if made public nor is it of a sexual, personal or humiliating nature. It was merely his opinion about the result of a public proceeding. Moreover, the corrections officer did not have a confidential position such as a priest, physician or attorney where the information conveyed is expected to be privileged. Plaintiff has no constitutionally protected liberty interest in keeping his

communication with Echenrod private. Defendants did not violate Plaintiff's right to information privacy.

Plaintiff also contends Cicone violated his attorney client privilege and provided negligent representation. These allegations would arise, if at all, in a malpractice claim under state tort law. It does not give rise to a federal cause of action. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear his state law claims.

### IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] Plaintiff's Motion for Appointment of Counsel (Doc. No. 2) is denied as moot.

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATE: March 25, 2022

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.